IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANNE CANNON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANDREAS NOTTEBOHM,<br>THERESE NOTTEBOHM,<br><br>　　　　Defendants. | Case No. 22-cv-00306-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO REMAND AND REMANDING ACTION TO STATE COURT, AND (2) HOLDING IN ABEYANCE MOTION TO DISMISS** |

　　　　Plaintiff Anne Cannon, who filed an action involving a real property dispute in the District Court for Bexar County, Texas, moves to remand said action after its removal to this Court by pro se Defendants Andreas and Therese Nottebohm.  Dkt. No. 12.  In light of the allegations of Plaintiff's Complaint (Dkt. No. 1-1), including the naming of a defendant allegedly domiciled in the same State as Plaintiff, the Court agrees that federal diversity jurisdiction−the only basis for federal subject matter jurisdiction upon which Defendants rely−does not exist here.  However, in light of Defendants' pro se status and the record as a whole, the Court declines to award fees and/or costs, as Plaintiff requests.  As a result, Plaintiff's motion to remand, Dkt. No. 12, is GRANTED IN PART and DENIED IN PART.  Finally, the Court holds in abeyance Defendants' motion to dismiss pending said remand.

## RELEVANT BACKGROUND

Cannon initiated this action with the filing of a Complaint on May 9, 2022 in the District Court for Bexar County, Texas–a State court. Dkt. No. 1-1. Named as defendants in the Complaint are the Nottebohms and Delores Gilmore. Cannon alleges, *inter alia*, that, in selling their real property located in Bexar County, the Nottebohms "supplied false information…." *Id*. at ¶ 11. Cannon also alleges that Gilmore, Cannon's real estate agent for the alleged transaction, failed to perform her obligations to Plaintiff, resulting in Cannon purchasing a home "with a litany of problems." *Id*. at ¶¶ 10, 12. The Complaint asserts causes of action for breach of contract, negligent misrepresentation, fraud, deceptive trade practices, and negligence.

On July 15, 2022, the Nottebohms filed a pro se notice of removal of this action. Dkt. No. 1. Therein, the Nottebohms assert that federal subject matter jurisdiction exists on the basis of diversity because the amount in controversy is more than $75,000 and Cannon and the Nottebohms are domiciled in different states.

Soon thereafter, the Nottebohms filed a motion to dismiss. Dkt. No. 5. Cannon has responded to the motion to dismiss, Dkt. No. 17, and the Nottebohms have filed a reply, Dkt. No. 19.

On August 15, 2022, Cannon filed a motion to remand, Dkt. No. 12, which the Nottebohms oppose, Dkt. No. 15. The time to file a reply in support of the motion to remand has passed, and no such reply has been filed. As a result, briefing on the pending motions is now complete, and this Order follows.

## RELEVANT LEGAL PRINCIPLES

Pursuant to 28 U.S.C. Sections 1441(a) and 1446(b), any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action, and the removal is timely. As relevant here, pursuant to 28 U.S.C. Section 1332(a)(1), this Court has original jurisdiction over civil actions involving an amount in controversy in excess of $75,000 and citizens of different States.[1]

"[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Further, Defendants have the burden of establishing that removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Because the motion to remand implicates this Court's subject matter jurisdiction, the Court begins its analysis there. The sole question raised by the motion to remand and the notice of removal is whether diversity jurisdiction exists

---

[1] For good reason, no party contends here that subject matter jurisdiction exists on the basis of a federal question. Therefore, the Court does not address the same herein.

here.  The answer is no.  That much is revealed by the allegations of the Complaint, in which the Plaintiff, Cannon, and one of the defendants, Gilmore, are alleged to be domiciled in the same State (Texas).  That alone defeats federal diversity jurisdiction.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining that "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of *each defendant*.") (emphasis added).  The Nottebohms, apparently, failed to properly comprehend these allegations when removing this case.  In their response to the motion to remand, the only explanation provided for removal is that Gilmore was "erroneously named" as a party because "Keller Williams Realty is the true party of interest…." Dkt. No. 15 at 2.  The Nottebohms, however, provide no explanation for this contention.  Moreover, given that jurisdiction is assessed at the time of removal, something that the Nottebohms acknowledge, *see id*. at 3, and the Complaint clearly alleges that Gilmore, rather than Keller Williams Realty, provided negligent services, the Court cannot discern any explanation.[2]

     In this light, because there was no diversity jurisdiction here at the time this case was removed, the motion to remand, Dkt. No. 12, is GRANTED IN PART.

---

[2]Although the Nottebohms do not directly state that Gilmore is a "sham" defendant, arguably, that is a premise of their pro se response.  *See* Dkt. No. 15 at 3.  Even the cases to which the Nottebohms cite, however, state that a "sham" defendant exists when a plaintiff fails to state a cause of action against the same.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  That is not the case here.  Whether ultimately successful or not, Cannon states a cause of action against Gilmore.

4

This leaves Plaintiff's request for attorneys' fees and costs in connection with this proceeding. Under 48 U.S.C. Section 1447(c), a court may award payment of attorneys' fees and costs when ordering the remand of a case. A court should do so, however, "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, although it may be a close question, in light of the Nottebohms pro se status and the arguments advanced in their briefing, which appear to evidence (at least in part) a level of untrained confusion over relevant removal statutes, the Court declines to award costs or fees and, thus, DENIES the motion to remand to that extent.

## **CONCLUSION**

As set forth herein, the motion to remand, Dkt. No. 12, is GRANTED IN PART and DENIED IN PART. This case is hereby REMANDED to the District Court, Bexar County for the State of Texas, pursuant to 48 U.S.C. Section 1447(c), without an award of fees or costs. Defendants' motion to dismiss, Dkt. No. 5, is HELD IN ABEYANCE pending said remand.

The Clerk is instructed to mail a certified copy of this Order to the clerk of the District Court, Bexar County and then CLOSE this case.

IT IS SO ORDERED.

Dated: September 29, 2022 at Honolulu, Hawaiʻi.

 

Derrick K. Watson
United States District Judge